81 212
107 548

81 212
112 698

81 212
117 185

## J. W. JAMISON, Appellee, v. F. D. WEAVER, Appellant.

1. **Attorney and Client:** NEGLIGENCE: DAMAGES. The employment of an attorney to appeal and prepare a case for trial, to prepare an abstract and do all things necessary to present said cause to the supreme court, includes all that an attorney can do in the direction of the appeal, and to prosecute the same to a final decision in that court; and if, without requesting money of the client for prosecuting the appeal, he fail to do anything in the cause further than prepare and serve a notice of appeal, and direct his client to procure a bond, and the cause is affirmed in the supreme court on motion of the appellee therein, and judgment is rendered against the client for costs, because of the negligence of the attorney to prosecute said appeal, and he deceives his client by representations that he knows what to do, and is attending to said appeal, the attorney will be liable in damages to the client for the amount of the judgment rendered against him, with interest.

2. ———: EVIDENCE: OPINIONS. An inquiry whether specified services sued upon were rendered by an attorney in pursuance of a particular contract calls for a fact and not an opinion, and is one that may be answered by the client.

3. **Attachment:** DAMAGES: EVIDENCE. In an action for the wrongful suing out of an attachment levied upon a stock of merchandise, which was thereupon removed from the storeroom where it had been kept, evidence of the value of the stock, and that a portion thereof was of a perishable nature, and of the extent to which the same was damaged, is competent.

*Appeal from Jones District Court.*— HON. J. H. PRESTON, Judge.

MONDAY, OCTOBER 20, 1890.

ACTION upon an account for services rendered by plaintiff as attorney for defendant, aided by an attachment sued out upon the grounds, that defendant was about to remove permanently out of the county, and had property therein not exempt from execution, and that he refused to pay or secure the debt, and he was about to remove his property out of the state without leaving sufficient remaining to pay his debt. The

defendant answered, admitting that plaintiff rendered the services sued for, but denying that they were of the value charged, averring the payment of forty dollars, and that the services were performed under a verbal contract at prices named, less than those charged. The defendant filed his counterclaim in three counts; the first being for four dollars and sixty-five cents for various articles furnished to plaintiff; the second was for damages by reason of plaintiff's failure to properly prosecute an appeal in the supreme court, and the third for damages for wrongfully suing out the attachment. Plaintiff's demurrer to the second count was sustained, to which defendant excepted, and, refusing to plead further, assigns the sustaining of said demurrer as error. Plaintiff replied to the other counts of the counterclaim, admitting the first count for four dollars and sixty-five cents, and denying every other allegation of the counterclaim, and that the services sued for were rendered under a special contract. The case being tried to a jury, a verdict was returned in favor of the plaintiff for eighty-seven dollars and eighty-five cents, and, defendant's motion for new trial being overruled, judgment was entered upon the verdict, from which the defendant appeals.

*Remley & Ercanbrack*, for appellant.

*Keeler & Ellison*, for appellee.

GIVEN, J.—I. The count demurred to alleges that plaintiff agreed, as attorney for defendant, to appeal and prepare for trial in the supreme court a certain injunction case entitled State of Iowa *v.* this defendant, to prepare an abstract of the record and evidence, and to do all thereunder necessary to present said cause to the supreme court; that plaintiff, knowing that defendant did not understand what was necessary to do in the matter, represented to him that he knew what was necessary to do; that plaintiff prepared and served a notice     appeal, and that defendant

1. ATTORNEY and client: negligence: damages.

had procured bondsmen on the appeal bond; that defendant followed plaintiff's direction in all things, and was ever ready to furnish such money, and to do anything that the plaintiff should deem necessary; that plaintiff did not request him to furnish any money, and said that he was prosecuting said appeal; that plaintiff did not request defendant to furnish any money or do anything therein; that in fact the plaintiff negligently failed to prepare an abstract and argument in said case, and failed to file a transcript, or any other paper, in the supreme court, and negligently and carelessly permitted said cause to be docketed in said court by the appellee therein, and that the same was affirmed by said court on motion of the appellee, and all of the costs occasioned by said appeal taxed to this defendant, amounting to thirty-seven dollars; that, because said appeal was not presented by this plaintiff to said court, said costs were taxed to this defendant; that plaintiff stated to this defendant that he was prosecuting said appeal, when in fact he had not done anything therein, and did not do anything in said matter; that, by reason of said negligence and misrepresentations of plaintiff, this defendant was compelled to pay, and paid, said judgment for costs rendered against him, wherefore he claims of plaintiff said sum of thirty-seven dollars with interest.

The grounds of the demurrer are, that the second count of the counterclaim does not show that the defendant paid or furnished the necessary expenses for conducting the appeal, nor that the plaintiff engaged to carry the appeal further than he did, nor that he disobeyed any instructions of the defendant, nor failed to render all the services for which he was employed; that it does not show that the plaintiff made any misrepresentations of facts, that the defendant relied upon to his prejudice, nor that the defendant has sustained damages as a direct result of the breach of contract alleged. The allegation is that the plaintiff agreed, as attorney for defendant, to appeal and prepare the case for trial, to prepare an abstract, and do all things necessary to present said case to the supreme court. Such an employment

includes all that an attorney could do in the direction of the appeal; it shows an engagement to prosecute the appeal, as attorney for the appellant, to final decision. The serving of a notice of appeal and directing the giving of bond was not a fulfillment of the employment alleged. The defendant might have directed a dismissal of his appeal but no instructions or directions were necessary from him to a prosecution thereof. It is alleged that plaintiff represented that he knew what was necessary to do in prosecuting the appeal, and that he represented that he was prosecuting it when in fact he was not doing so. The obvious meaning and sense of the count is that plaintiff relied upon those representations, and, hence, did not know of or take steps to prevent the affirmance upon the motion of the appellee in that case. Those were representations upon which the defendant might rely, and upon which it fairly appears that he did rely, and the result was that judgment for the costs of the appeal, including the twenty-five dollars attorney's fees, was entered against and paid by him.

It is contended, that as the count fails to show that the defendant paid or furnished the necessary expenses of conducting the appeal, there was no obligation upon the plaintiff to proceed further with it. It requires no argument to show that, under his employment, the plaintiff was under no obligation to pay any of the expenses necessary to the prosecution of the appeal, nor to become personally liable therefor. It was the duty of the defendant to provide for all such expenses, and a failure on his part to do so, after being properly advised by his attorney, would excuse the attorney from further prosecuting the appeal. It is alleged that the plaintiff knew that defendant did not understand what was necessary to do in the matter of the appeal, that defendant followed plaintiff's directions in all things, and was ever ready to furnish money and to do anything that the plaintiff should deem necessary, and that the plaintiff did not request him to furnish any money. Attorneys are presumed to be familiar with the law and rules of practice, and to know when, and for what expenses, it is

necessary to provide in the prosecution of an appeal, while ordinarily clients are uninformed in these matters, and rely upon the advice and direction of their attorneys. It is also clearly a part of the plaintiff's duty under the alleged employment to advise his client when and for what expenses it was necessary for him to provide in the prosecution of the appeal. If after being so advised the client failed to provide for such expenses, that would excuse the attorney from proceeding further, but this second count negatives any such state of facts. It shows that plaintiff neglected to inform his client when to furnish money to pay the necessary expenses of the appeal.

The damages claimed were clearly the direct result of the failure to prosecute the appeal. We fail to discern any cause that came between the failure to prosecute the appeal, and the judgment which defendant was compelled to pay. The failure was not only a direct, but the only, cause for the judgment. True, the defendant might have been charged with all these costs other than the attorney fee, had the appeal been prosecuted, but that would have been a different judgment, and for a different cause, and does not change the fact that this judgment was the direct consequence of the alleged failure of the plaintiff to prosecute the appeal. The count demurred to, fairly construed, shows a cause of action against the plaintiff, and the objection taken by the demurrer, and the arguments adduced in support thereof are too technical to be sustained.

II.    There was an issue as to whether the services sued for by plaintiff were rendered under special contract or not. There was testimony tending to show that plaintiff had rendered other services that were not claimed to be under the contract. We think the court should have permitted the defendant to answer whether the services sued for were under the contract or not. The question called for a fact and not an opinion.

2. ——: evidence: opinions.

III.    The defendant claimed that the attached goods were damaged in the removal and return to the

3. ATTACH-
MENT: dam-
ages: evi-
dence.

store where kept, and for being deprived of them while under the attachment. The defendant should have been permitted to prove the value of the stock of goods as tending to show the damage by removal and detention, for the removal and detention of a stock of goods worth several thousand dollars would be different from the removal and detention of a stock of much less value. The defendant should have been permitted to prove that any part of the goods attached were of a perishable nature and the extent to which they were damaged by reason thereof, while detained under the attachment. Such damages as well as the damage resulting from proper handling in removing and returning the goods would be directly caused by the suing out of the attachment.

IV. There was no error in refusing to allow the defendant to prove that his creditors had returned to him printed slips stating that he had been attached and that notices had been sent to the commercial papers. It is contended that this evidence was admissible as tending to show malice in the suing out of the attachment, and that defendant was attempting to trace the sending out of such notice to the plaintiff. Without being so traced the testimony was clearly inadmissible and it was within the discretion of the court to require the defendant first to produce evidence tending to connect the plaintiff with the sending out of the notices before introducing the printed slips to the jury.

V. It is complained that the court in the fifth paragraph of the instructions ignored the plea that the services were rendered under special contract. Taken alone that paragraph is open to this objection but, taken in connection with the following paragraph, the subject is fully and fairly presented to the jury. We see no error in the instructions.

For reasons already stated the judgment of the district court must be reversed. As the other errors assigned will not arise on a retrial they need not be noticed. REVERSED.