The Getchell & Martin L. M. Company v. Employers Liability Assurance Corporation (Limited), Appellant.

Failure to Perfect Appeal: NO ACTION FOR WITHOUT PROOF OF DAMAGE. An employer was insured against loss for personal injuries to its employes to the amount of $1,500 in case of injury to any employe. An employe who had been injured sued the employer and, under the policy, the insurance company undertook the defence. The employe obtained judgment for $4,300, and the company agreed to appeal, but failed to perfect it in proper time, and the judgment was affirmed on motion. *Held* that, in an action by the employer against the company for its negligence, the burden was on the employer to show that it had suffered thereby.

*Presumptions as to damage.* Even if the burden was on the company to show that the employer had not been damaged by its failure to perfect the appeal, the presumption that the judgment of the lower court was correct would make a *prima facie* case to this effect.

DUTY OF AGENT EMPLOYED TO PERFECT APPEAL: *Indemnifier defending suit for insured.* A company which had insured an employer against loss for injuries to employes and had defended an action by an injured employe against the employer had the same responsibility in taking an appeal from a judgment against the employer as any other agent would have had in undertaking a like duty; assuming there was, even under a contract to appeal, a duty to do so unless an appeal was advisable.

*Appeal from Polk District Court.*—Hon. C. P. Holmes, Judge.

Thursday, May 22, 1902.

Both parties hereto are corporations. Plaintiff is engaged in manufacturing, and employs labor, and defendant's business is that of insuring employers against loss on account of personal injuries suffered by their employes, in the line of duty. Plaintiff had a policy with defendant in which it was insured to the amount of $1,500 in case of injury to any one employe. During the existence of this policy, one Harry A. Newbury met with an accident while in plaintiff's employ, which resulted in the loss of his right hand. He instituted an action for damages against plaintiff on account thereof. The petition in the case at bar is in three counts. The first claims the sum of $1,500, the amount of the insurance under the policy. The second and third counts, which are substantially the same, set up the fact that defendant undertook to defend the action brought by Newbury, and, through its negligence, judgment was permitted to go against plaintiff for the sum of $4,300, which, with interest and costs, amounting in all to $4,737.25, plaintiff has been obliged to pay. The amount claimed under these counts is $3,237.25. Defendant made a written tender of the sum of $1,500, and afterwards deposited that amount in court, acknowledging liability to that extent. The contest, therefore, is over the claim made in the other two counts. There was a denial of all liability under these counts. The case, by agreement, was tried to the court and resulted in a judgment for plaintiff in the sum of $3,209, from which defendant appeals.—*Reversed.*

*N. T. Guernsey* for appellant.

*Clark & McLaughlin* for appellee.

WATERMAN, J.—One provision in the policy reserved rights to defendant in these words: "On receiving from the employer notice of any claim, the corporation may take upon themselves the settlement of same, and in that case the employer shall give them all necessary information and assistance for the purpose. The employer shall not, except at his own cost, settle any claim or incur any expense without the consent of the corporation: provided, however, that if, upon the happening of an accident covered by this policy, the employer shall, in his discretion, take any step for the immediate medical or surgical relief of an injured employe, the corporation shall reimburse any moderate expense so incurred. If any legal proceedings be taken to enforce a claim, the corporation shall, at their own cost and expense, have the absolute conduct and control of defending the same throughout, in the name and on behalf of the employer; but, if the corporation shall offer to pay the employer the full amount insured, they shall not be bound to defend the case, nor be liable for any costs or expenses which the employer may incur in defending such case. The employer shall, at the cost of the corporation, render them every assistance in his power in carrying on any suit which they shall undertake to defend on his behalf."

The facts are that Newbury obtained judgment against plaintiff in the district court for $4,300, and defendant, in attempting to take an appeal, failed to perfect it in proper time, and the judgment was affirmed on motion. It is upon this failure to have the appeal heard upon its merits that the claim of liability is founded. We very much doubt whether defendant, under the clause of the contract we have set out, would be liable for failing to take an appeal if it thought it inadvisable, or in any event be under obligation to do more than employ a competent attorney; but it appears that, after the

judgment below, it expressly agreed to take an appeal, and attempted to do so, and its liability in this action we think must rest upon this second agreement. The question of whether it was obliged to do more than select a competent attorney is extensively discussed by counsel, but we do not feel required to determine it. We may assume, for the purpose of this case, that defendant is liable for any default or negligence of the attorney it employed, and we then have this question:

What damages have been shown? The case is a singular one in many of its features. Our attention has been called to none just like it in the books. Plaintiff lays much stress upon the fact that defendant was an insurance company, and some of the arguments made seem to embody the thought that it guaranteed a hearing in this court, but this is not so. In so far as the appeal was concerned, it had the responsibility only that would have attached to any other agent undertaking a like duty.

Counsel for plaintiff ground their case upon this rule: "When negligence has been shown in consequence of which judgment has gone against the client, it is not incumbent on the client to show that but for the negligence he could have succeeded in the action. It is for the solicitor to defend himself by showing that the client was not harmed by his negligence." Wharton Negligence section 752; Shearman & Redfield Negligence (5th Ed.) section 566; Weeks, Attorneys at Law, section 298. These writers all rely in support of this rule principally upon the English case of *Godefroy v. Jay*, 7 Bing. 413. As to that case, it is enough to say it has been questioned, expressly or by implication, in several well-considered cases in this country. See *Collier a. Pulliam*, 13 Lea, 114; *Spangler v. Sellers*, (C. C.) (5 Fed. Rep. 882); *Pennington's Ex'rs v. Yell*, 11 Ark. 212 (52 Am. Dec. 262). There are doubtless instances in which the rule stated may, to some extent,

be properly applied. Where an attorney undertakes to make a collection and negligently fails, *prima facie* the amount of the cause of action is the amount of the loss, but it is incumbent on the client to show that the claim was a valid obligation. But, in those cases which seem to adopt the rule of the *Godefroy Case*, an examination will disclose a state of facts not requiring the application of so extended a doctrine. For instance in *Moorman v. Wood*, 117 Ind. 144 (19 N. E. Rep. 739), where the attorney was guilty of gross fraud, and sacrificed his clients rights to protect himself, by taking a judgment less favorable to plaintiff than he might have had, the fact that he obtained a judgment showed the merits of the claim, and the amount of such claim may well be said to have been *prima facie* the measure of plaintiff's rights. These instances, and the other cases cited by plaintiff, differ from that at bar in this: Here there was a judgment of the district court against plaintiff. Generally speaking, it was presumptively valid, and would stand on appeal. 1 Greenleaf Evidence, section 19; *Smith v. Yager*, 85 Iowa, 706; *Wright v. Association*, 96 Iowa, 360. What warrant is there for saying that in a case of this kind there is a counter presumption that it would have been reversed? And, without such presumption, plaintiff has made no showing of damage. Even overcoming the presumption first mentioned would not be enough to make plaintiff's case. We must further presume that Newbury could not have succeeded on another trial. In our opinion, the burden is upon a plaintiff in an action of this nature to show the amount of his damages. Sometimes he is aided in this by a presumption, but not so under the facts in the case at bar. As sustaining this conclusion, see, in addition to the cases cited, as criticising the rule in the *Godefroy Case*: *Bruce v. Baxter*, 7 Lea, 477; *Cox v. Sullivan*, 7 Ga. 144 (50 Am. Dec. 386); *Suydam v. Vance*, 2 McLean, 99 (Fed. Cas. No. 13,657). Plaintiff presses upon our attention, as directly

in point in support of his contention, the case of *Jamison v. Weaver*, 81 Iowa, 212. In that case an attorney sued to recover fees. Defendant filed a counterclaim based upon the attorney's negligence in failing to properly prosecute an appeal to this court, in an action in which defendant was appellant, by reason of which the costs of the appeal, $37, were taxed to and paid by defendant. There was a demurrer to this counterclaim, which was sustained by the trial court, and this court reversed the ruling. It will be seen there were certain admitted damages, arising out of the failure to prosecute the appeal, and in that important respect the case differs from the one at bar. By the demurrer it was admitted the costs were taxed to defendant because of the failure of plaintiff to diligently prosecute the appeal.

But, were we to adopt the rule plaintiff contends for, we hardly think its situation would be improved. Let us suppose the burden on defendant to show that plaintiff was not damaged by the failure to perfect the appeal. The presumption in favor of the correctness of the judgment at *nisi prius* would make a *prima facie* case to that effect. The burden would then shift to plaintiff to overcome such case, and this burden it has failed to sustain.

For the reasons given, we think the judgment of the trial court erroneous, and it is REVERSED.