## ATTLEBORO MFG. CO. v. FRANKFORT MARINE ACCIDENT & PLATE GLASS INS. CO.

(Circuit Court, D. Massachusetts.   July 1, 1909.)

### No. 367

1. NEGLIGENCE (§ 2*)—DUTY TO USE CARE.
    Where an employers' liability company, on being notified of an action against plaintiff by an employé for injuries, assumed the defense of the cause, it thereupon became obligated to exercise reasonable care in such defense, whether it was required by its contract to defend the cause or not.
    [Ed. Note.—For other cases, see Negligence, Dec. Dig. § 2.*]

2. ACTION (§ 27*)—NATURE AND FORM—CONTRACT OR TORT.
    Where an insurer under an employers' liability policy on being notified of an action for injuries to insured's servant assumed the defense thereof, and was negligent in conducting the suit, to the loss of the employer, the latter was entitled to sue the insurance company for breach of its implied contract to exercise reasonable care in conducting the suit or in tort for negligence.
    [Ed. Note.—For other cases, see Action, Dec. Dig. § 27.*]

On Demurrer to Declaration. Overruled.

Fred S. Hall, Albert P. Worthen, Sherman L. Whipple, and Whipple, Sears & Ogden, for plaintiff.

Matthews, Thompson & Spring, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LOWELL, Circuit Judge. This is an action at law removed into this court from the superior court of Massachusetts. The amended declaration is in tort, and alleges a policy of liability insurance for $5,000 issued by the defendant, hereinafter called the "Insurance Company," to the plaintiff, hereinafter called the "Manufacturing Company." The material parts of the policy are as follows: The Insurance Company agrees to indemnify the Manufacturing Company "against loss arising from legal liability for damages on account of bodily injury or death suffered by any employé or employés of the assured resulting from any and every accident of whatsoever nature or cause happening in, upon, or about the premises of the assured as described herein and in the application herefor; but the liability of the company in respect to any one employé suffering injury or death shall in no case exceed the sum of five thousand dollars ($5,000), nor shall the total liability of the company in respect to any one accident resulting in injury to, or the death of, several employés in any event exceed the sum of ten thousand dollars ($10,000)." "That upon the occurrence of an accident, whether any claim be made in respect thereof or not, the assured shall give immediate notice in writing of such accident to the company, addressed to the Manager for the United States at the office of the company in New York, N. Y., or to the duly authorized representative of the company for the locality in which this policy is issued. If, thereafter, the assured shall receive notice of any claim growing out of an accident, duly reported to the company, as before provided, or of any legal proceedings to enforce such a claim, he shall give immediate notice thereof to the company in like manner. That if any legal proceedings are taken to enforce a claim, against the assured, covered by this policy, the company shall, at its own cost, undertake the defense of such legal proceedings in the name and on behalf of the assured and shall have the entire control of such defense. But, if the company shall offer to pay to the assured the full amount for which the company is liable in respect to the claim sought to be enforced, it shall not be bound to defend any legal proceedings nor be liable for any costs or expenses which the assured may incur in defending the same. The assured at all times shall under the direction of the company render all reasonable and necessary assistance to enable the company to effect settlements or to properly conduct a defense or to prosecute an appeal. That the company may undertake at its own cost the settlement of any claim, duly reported to it as before provided, and the assured shall not, except at his own cost, settle any claim nor incur any expense without the consent of the company thereto previously given in writing; provided, however, that such immediate medical and surgical relief to the injured may be furnished as may be imperative at the time of the accident and reasonable expenses thus incurred shall be deemed a part of the liability of the company." The declaration goes on to allege that one Hodde "while in the employ of the plaintiff did suffer bodily injury resulting from an accident in, upon, or about the said premises of plaintiff; that thereafter claim was made against plaintiff on behalf of said Hodde for damages growing out of said accident"; that Hodde brought suit against the plaintiff to enforce the claim, "and that plaintiff gave

written notice to defendant of said accident, claim, and suit, respectively, immediately upon the happening, making, and commencement of the same respectively. Upon the commencement of said suit, defendant undertook the defense thereof and assumed and took unto itself the entire and exclusive control of the defense thereof throughout the pendency thereof." And plaintiff states that it was the duty of defendant in defending said suit to conduct itself with a reasonable degree of care, skill, and diligence commensurate with the duties and responsibility assumed by it, as aforesaid, but that defendant unmindful of its duty in the premises so carelessly, negligently, and unskillfully conducted and demeaned itself in the premises that the plaintiff in said suit recovered final judgment against this plaintiff in the sum of $17,343.81, which judgment this plaintiff has been compelled, on writ of execution issued against plaintiff by said superior court at the instance of said Hodde, to satisfy and pay in full, principal, interest, and costs; that the aforesaid negligence and misconduct of defendant consisted, in this: that defendant, although given by plaintiff timely and ample notice of said accident, claim, and suit, negligently failed to make any timely, proper, or intelligent investigation touching the facts and circumstances under which said bodily injuries were sustained by said William Hodde, Jr., whereby material evidence favorable to this plaintiff which could and should have been produced at the trial of said suit was not produced or offered thereat on this plaintiff's behalf; that no intelligent, adequate, or timely preparation was made by defendant in this suit for the trial of said suit of said William Hodde, Jr.; that competent and legal evidence material to the issue in said suit, and tending to exculpate this plaintiff of liability therein, and which was known, available, and accessible to defendant herein, and which could and should have been produced on this plaintiff's behalf on the trial of said suit, was not produced or offered by defendant; that it was charged by said Hodde in said suit that his said injuries had been caused by the negligence of this plaintiff, as it was alleged in furnishing said Hodde with a defective and unsuitable pitcher for carrying certain acid, which claim that said pitcher was defective and unsuitable by the plaintiff so that the actual condition of said picher became and was one of the vital issues on the trial of said suit; that said pitcher, if it had been offered in evidence on the trial of said action, would have tended strongly to rebut and negative said charge of negligence of said Hodde, and would on said trial have seriously impaired the weight and credibility of the evidence offered on his behalf; that this plaintiff before the trial of said suit, at defendant's request, delivered into defendant's custody and care the said pitcher, but the defendant, instead of taking care of the same, carelessly and negligently permitted said pitcher to become lost or destroyed, so that it was not and could not be used or offered in evidence in this plaintiff's behalf on the trial of said suit. And plaintiff states that it was by reason of the aforesaid negligence, carelessness, and unskillfulness of defendant in and about the premises that said judgment was rendered against this plaintiff and became final as aforesaid.

"Wherefore plaintiff states that it has been damaged in the sum

of $12,343.81, being the difference between the sum of $17,343.81 paid by plaintiff in satisfaction of said judgment and the sum of $5,000, the sum in which plaintiff was insured by said policy, for which sum of $12,343.81 plaintiff prays for judgment, together with its costs in this behalf expended."

In substance, the declaration alleged that the Insurance Company, having undertaken the defense of Hodde's action under the circumstances stated, managed that defense so negligently that the verdict went against the Manufacturing Company in $17,000, of which it had to pay $12,000 or thereabouts beyond the indemnity furnished by the policy. The Insurance Company demurred on several grounds which are summarized in the opinion.

To set forth a good cause of action the declaration must show: (1) That the Insurance Company was under duty to conduct with care the defense in the case of Hodde against the Manufacturing Company. If this duty be shown, it is not denied that a breach of duty is alleged. (2) That the Insurance Company's liability for this breach of duty may be enforced in an action of tort.

First. The Insurance Company contends that no duty to defend the action was cast upon it by the terms of the policy. It propounds an ingenious dilemma by inquiring of the Manufacturing Company whether Hodde's claim was well-founded or unfounded. If the former, the verdict against the Manufacturing Company was proper and inevitable, and any negligence of the Insurance Company in defending the suit was injuria absque damno. If the latter, the suit was not within the terms of the policy, and the Insurance Company, being under no duty to undertake the defense, was not liable for what it did or did not do in the litigation. Therefore the Manufacturing Company's loss, though arising from the Insurance Company's negligence, was damnum absque injuria. But this action is not based upon an alleged breach of the written contract. The Manufacturing Company does not sue for a failure of the Insurance Company to keep its contract to defend the Hodde suit. The insurance policy is, indeed, set forth in the declaration, but no breach of it is alleged. It is inserted only as matter of inducement in order to make clear the history of the case. The duty of the Insurance Company to defend the Hodde suit with care is not alleged to arise from a promise contained in the written contract, but rather to arise out of a certain act of the Insurance Company which was done after the contract was made, after the accident had occurred, and after Hodde's suit was brought, viz., the assumption by the Insurance Company of the defense of the Hodde suit. So far as the plaintiff's claim rests upon a contract, that contract is not the written policy of insurance, but an implied contract arising out of the conduct of the Insurance Company long after the policy was signed. In this respect the case at bar is like Getchell & Martin Co. v. Employment Liability Assurance Corp., 117 Iowa, 180, 90 N. W. 616, 62 L. R. A. 617, although in the Iowa case the subsequent contract was expressed rather than implied.

It follows, therefore, that this court is not required to decide, nor was the plaintiff required to allege, that Hodde's suit was within or without the purview of the insurance policy. In common sense, at

the time when the Insurance Company undertook the defense of the suit, it was neither the one nor the other, but, as its issue was in doubt, so its relation to the policy was doubtful also. To suggest, as does the defendant in effect, that Hodde's right to recover existed as an entity, wholly apart from the litigation and predetermined from the happening of the accident, is to assert a practical absurdity. Inasmuch as the plaintiff is not suing upon the insurance policy, this court is not required to determine whether, as was suggested by the Circuit Court of Appeals for this Circuit in Munson v. Standard Marine Ins. Co., 156 Fed. 44, 45, 84 C. C. A. 210, the clause in question provides that, "whenever a claim of liability was made, the suit was to be defended at the cost of the underwriters," or, as was held in Cornell v. Travelers' Ins. Co., 175 N. Y. 239, 67 N. E. 578, the insurer may, at its option, leave the defense altogether to the insured, thereby leaving at the risk of the suit only the amount of the insurance. See St. Louis Beef Co. v. Casualty Co., 201 U. S. 173, 26 Sup. Ct. 400, 50 L. Ed. 712. The case at bar is unlike the Cornell Case. There the insured sued for breach of the contract of insurance. Here the contract relied upon arose by implication after Hodde's suit was brought. The defendant's argument assumes that the duty of the Insurance Company to defend the suit with care was all the same when that suit was brought and when the alleged negligence occurred. On the contrary, the duty here sued upon arose, not upon the bringing of the suit, but out of the act of the Insurance Company in undertaking the defense, whether obliged to do so by the policy or not. I hold, therefore, that the Insurance Company by undertaking the defense of the Hodde suit agreed with the Manufacturing Company to conduct that defense with reasonable care. It is not necessary at this time to determine the precise extent of the duty; if, for example, the defendant may justify itself by showing that it employed an attorney of good reputation. Having procured to itself the management of the defense in apparent compliance with the terms of the policy, the Insurance Company would be liable if it corruptly bargained with Hodde to the injury of the Manufacturing Company. This the Insurance Company admits. But mere absence of fraud in the defense carried on by the Insurance Company would afford but little comfort to the Manufacturing Company. Plainly, the duty of the Insurance Company did not end with the entry of the Manufacturing Company's appearance in court. To enter an appearance without more is not the defense of a suit. So a submission to a jury without evidence or argument would ordinarily involve a breach of the duty undertaken by the Insurance Company. In a word, to enter upon the defense of a suit on behalf of another ordinarily involves an undertaking to carry on that defense with reasonable care and diligence.

There is nothing in the policy to create an exception to the general rule by authorizing the Insurance Company to sacrifice the interests of the Manufacturing Company either maliciously or negligently. Even if we admit, for the sake of the argument, that, under the terms of the policy, the former might have left the defense altogether to the latter, and might have satisfied its utmost liability under the policy by the payment of the damages recovered in the suit up to $5,-

000, yet, having undertaken the defense, it came under a liability, not only to pay the costs of that suit, but to carry it on with due care. In Davison v. Maryland Casualty Co., 197 Mass. 167, 83 N. E. 407, the Insurance Company, having undertaken the defense, prosecuted a writ of error from the judgment of the lower court against the objection of the insured. The judgment was affirmed, and the delay caused by the action of the Insurance Compay increased the judgment finally recovered by the addition of interest. Yet the court held that the prosecution of the writ did not increase the liability of the Insurance Company beyond the amount insured. In other words, the court there held that the Insurance Company might reasonably carry the case to the highest court, though loss to the insured resulted therefrom. That is not the case at bar. Both insurer and insured are interested in suits of this kind. Proper preference for its own legitimate interests by the insurer, even over the interests of the insured, is not the same thing as a negligent disregard of the interests of the insured because the insurer is willing to risk its own share of the loss. I hold, therefore, that the Insurance Company came under a liability to the Manufacturing Company to carry on the defense of the Hodde suit with due care.

Second. The defendant further contends that, even if it is liable to the Manufacturing Company, yet it is not liable in an action of tort. Much of the argument on this head has been already dealt with. As the suit is not based upon a breach of the policy, the argument that a suit for a breach of the policy must be brought in contract is irrelevant. A contract or undertaking to carry on the defense did, however, exist.

That the Manufacturing Company might here have sued the Insurance Company in an action of contract for a breach of this implied contract I do not doubt. Is a suit in tort excluded? Some negligent failures to discharge the duties of an agent lay the foundation for actions both of tort and contract. This is true of the negligence of an attorney. Even in the absence of an express contract the attorney is said to undertake to act with due professional care, and for a failure to perform his undertaking is liable in tort as well as in contract. For a negligent failure to perform the ordinary duties of a common carrier or of a physician an action of tort may be maintained. This liability is not confined to attorneys, professional men, and common carriers. Shipherd v. Field, 70 Ill. 438; Heinemann v. Heard, 62 N. Y. 448; Savage v. Birckhead, 20 Pick. (Mass.) 167; Corbett v. Packington, 6 B. & C. 268; Nat. Bank v. City Bank, 103 U. S. 668, 26 L. Ed. 417. The basis of the liability is the agent's duty to exercise care and to refrain from negligence about his principal's business, apart from the provision of any express contract. It must be borne in mind that in the history of common-law pleading the action of assumpsit to recover damages for breach of contract is a species of the action of trespass upon the case, to which genus belong, also, the action of trover and the special actions upon the case. Although the practice act of Massachusetts makes its principal distinction between actions of contract and actions of tort, yet some results of the common-law classification still persist. In the case at bar it was suggested that the

Insurance Company here undertook the duty of a professional attorney and assumed, either by itself or by its agent, to furnish the Manufacturing Company with an attorney's skill. Even if this be going too far, yet, an undertaking by one not an attorney to carry on the lawsuit of another being ordinarily an undertaking to carry it on with due care, it is the basis of an action of tort where negligence has been substituted for the due care undertaken and agreed upon. The declaration as drawn, even if it contains some unnecessary allegations (which is not asserted), contains sufficient to support an action of tort. Demurrer overruled.