[No. 25236. Department One. February 5, 1935.]

DANIEL R. McDONALD, *Appellant,* v. CAMAS PRAIRIE RAILROAD COMPANY, *Respondent.*[1]

*Fred B. Morrill,* for appellant.

*Cannon, McKevitt & Fraser (Joseph L. Thomas,* of counsel), for respondent.

MAIN, J.—This action was brought to recover damages because a doctor employed by the defendant failed to properly diagnose and treat the left foot of the plaintiff, which he injured while he was employed by the defendant. By the answer, liability was denied,

[1]Reported in 38 P. (2d) 515.

and there was affirmatively pleaded the statute of limitations, and also a release. The cause came on for trial before the court and a jury, and at the conclusion of the plaintiff's evidence the defendant challenged the sufficiency thereof and moved for a dismissal, which motion was sustained. From the judgment dismissing the action, the plaintiff appeals.

The defendant is a corporation, and owns and operates a railroad in the state of Idaho, a part of which extends from Lewiston to Grangeville, in that state. The appellant was employed by the respondent as a bridge carpenter, and on September 7, 1929, while so employed, he fell from a bridge, due to the breaking of a link in a chain, and sustained an injury to his left foot. He was taken by the foreman of the crew in which he was working to a hospital in Lewiston, where a doctor employed by the respondent diagnosed the injury to the foot as a sprain, and treated it for such injury. The appellant was in the hospital for six or seven weeks, when he was discharged therefrom and was told by the doctor that he would be able to return to work in approximately two weeks. He was not able to return to work at that time, and subsequently it developed that the injury to the foot was a broken bone, and not a sprain.

The complaint alleges, and the evidence shows, that, at the time the appellant was employed by the respondent, it was agreed that, in case of injury, he should be furnished adequate and efficient hospital facilities and service, and medical attendance and care. For the purpose of paying for this service, there was deducted from the appellant's pay check each month an amount which neither the complaint nor the evidence specifies. The complaint in this action was filed September 30, 1933.

The controlling question is whether the action is

barred by reason of the statute of limitations. Whether the statute of the state of Idaho or the state of Washington controls, it is not necessary here to determine, because, if the action is one in tort and not upon contract, then under the statute of either state the action was not brought in time. It follows that consideration must be given to the question whether the action was one in tort or one upon the contract.

The appellant says that it was an action upon a contract to furnish hospital facilities and medical attendance, and the respondent says that it is one in tort, based upon the failure of the doctor to properly diagnose and treat the injured foot. To determine whether an action is one upon contract or in tort, attention will be given to the substance of the action rather than to the form and the nature of the right the violation of which creates the right of action. *School District No. 18 v. Twin Falls State Bank & Trust Co.*, 52 Ida. 200, 12 P. (2d) 774; *Bates v. Bates Machinery Co.*, 230 Ill. 619, 82 N. E. 911, 12 Ann. Cas. 175; *Union Tool Co. v. Farmers', etc., Nat. Bank,* 192 Cal. 40, 218 Pac. 424, 28 A. L. R. 1417.

There is no claim in this case that the respondent was guilty of any negligence in connection with the fall of the appellant from the bridge. The basis upon which recovery is sought is the failure of the doctor to make a proper diagnosis and give the proper treatment. In the complaint, it is said that the appellant did not receive adequate and efficient hospital service and medical attendance and care,

". . . in that prompt and efficient attention and examination was not given and made to ascertain and determine the extent of the injuries that the plaintiff had sustained and from which he was suffering. . . ."

The evidence offered is to the same effect.

We come then to the question of what is the nature of the right the violation of which creates the right of action. The failure of the doctor to make a proper diagnosis and give the right treatment was a breach of his duty as a physician, founded upon his legal obligations as such, without reference to the contract. The action, being one for this breach of duty, sounded in tort and not in contract. *Nelson v. Harrington,* 72 Wis. 591, 40 N. W. 228, 1 L. R. A. 719, 7 Am. St. 900; *Mueller v. Winston Bros. Co.,* 165 Wash. 130, 4 P. (2d) 854. The substance of the action, as shown by the complaint and by the evidence, was the failure of the doctor to properly diagnose and treat.

While negligence is not specifically mentioned in the complaint or the evidence, the facts alleged in the complaint and supported by the testimony show that the gist thereof was the malpractice of the physician, which is negligence and not a breach of the contract of employment. *Trimming v. Howard,* 52 Idaho 412, 16 P. (2d) 661; *Hall v. Steele,* 193 Cal. 602, 226 Pac. 854; *Carpenter v. Walker,* 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863.

The facts in this case, as alleged and which are sustained by the testimony, make the case more strongly an action in tort than did the complaint and the evidence in the case of *Mueller v. Winston Bros. Co.,* 165 Wash. 130, 4 P. (2d) 854, where it was held that the action was one in tort. In that case, as stated in the opinion, the basic allegations of the complaint were that the defendants disregarded their duty by negligently and carelessly failing to furnish a qualified physician and surgeon at a camp hospital, and failed to make timely diagnosis of the ailment of the deceased and prescribe the proper treatment. In the case now before us, there is no allegation that the respondent was careless or negligent in employing the physician

who treated the appellant. We conclude that the gravamen of the action was one in tort, and was barred by the statute of limitations of Idaho, and also of this state.

Since the question considered and disposed of is decisive upon this appeal, we shall not go into the question of the release. There is, however, another reason why the judgment must be affirmed. Assuming that the action was one upon an oral contract, and it is not claimed to be otherwise, and that the statute of limitations of Idaho pertaining to such a contract is controlling, the result would be the same, because more than four years elapsed after the accident and the breach of duty on the part of the physician and the filing of the complaint in this action. The statute of limitations of Idaho, which bars an action upon an oral contract, is four years. It is the filing of the complaint that tolls the statute of limitations, and not the service thereof. *Kope v. Columbia River etc. Bridge Comm.*, 147 Wash. 602, 266 Pac 1053.

The judgment will be affirmed.

MILLARD, C. J., BEALS, TOLMAN, and GERAGHTY, JJ., concur.