[No. 27688. Department One. November 16, 1939.]

ELMER RUNDIN, *Appellant,* v. C. J. SELLS, *Respondent.*[1]

*A. H. Imus (Wm. P. Lord* and *T. Walter Gillard,* of counsel), for appellant.

*Edgar P. Reid,* for respondent.

ROBINSON, J.—The complaint in this case alleges, in substance, that the plaintiff received an injury in April, 1933, while employed as a stevedore by W. H. Jones & Son, Inc.; that his employer had previously

[1]Reported in 95 P. (2d) 1023.

complied with all the terms of the Federal longshoremen's and harbor workers' compensation act and, in doing so, entered into a contract with the defendant physician and surgeon, wherein the defendant agreed to provide medical aid to its injured workmen; and that plaintiff, being in need of such aid and care, presented himself to the defendant for medical and surgical services under the terms of said contract.

"Thereupon defendant entered upon the performance of said contract and so negligently and carelessly operated on plaintiff's face that he severed and injured the nerve supplying the muscle of the upper eyelid and thereby negligently and carelessly caused a paralysis of the orbicularis palpebrarum muscle, and as a result thereof plaintiff has sustained an impairment of the ability to close the upper eyelid of his right eye and has suffered and will continue to suffer in the future great physical pain, mental anguish and permanent injury, to plaintiff's damage in the sum of Ten Thousand Dollars ($10,000.00)."

This action was begun in April, 1937, exactly four years after the plaintiff's injury.

The defendant set up two affirmative defenses. The first was to the effect that the plaintiff had elected to prosecute, and had prosecuted, his claim before the United States employees' compensation commission and had received an award of $1,595.86, in which was included five hundred dollars for facial disfigurement, and that plaintiff had accepted this award in full compensation for his injury and all damages proximately connected therewith. As a second affirmative defense, the defendant pleaded that the action, if any, was barred by the statute of limitations.

The plaintiff first moved to strike the affirmative defenses as sham, frivolous, and irrelevant, and, that motion being overruled, demurred on the ground that they did not state facts sufficient to constitute a defense.

The demurrer was also overruled, and, the plaintiff refusing to reply or otherwise plead, his action was dismissed.

The appellant says that the appeal presents the following questions:

(1) "Does an award under the longshoremen's and harbor workers' compensation act, for injuries sustained by an employee during the course of his employment, bar an action for malpractice against the physician who failed to render treatment to the injured employee in accordance with the contract for the physician's services?

(2) "Is an action for failure to properly perform the services of such a contract governed by the three-year or six-year statute?"

It will be noted at once that, in the first question, appellant designates the action as "an action for malpractice," and, in the second question, he assumes that it is an action in contract. He is correct in the first instance. It is an action for malpractice. Appellant contends that the allegation of negligence in the complaint may be regarded as surplusage. In a case where, as here, the plaintiff sought to escape the statute of limitations by contending that a malpractice action was an action arising out of a written contract, the court held that the gist of the action was negligence, even though negligence was not charged in the complaint. *McDonald v. Camas Prairie R. Co.*, 180 Wash. 555, 38 P. (2d) 515. No amount of juggling with the complaint can alter the matter. As malpractice cannot be inferred from a bad result, negligence must be proved in order to maintain it.

Attempts to prosecute tort actions under the guise of suing in contract have been exhaustively discussed in a very recent opinion of this court in *Compton v. Evans*, 200 Wash. 125, 93 P. (2d) 341, and again in the still more recent case of *Bush v. Quinault School*

*Dist. No. 97, ante* p. 28, 95 P. (2d) 33. To virtually repeat what is said in these opinions, would serve no good purpose.

Since the answer to the second of the two questions presented by the appellant must be—The three-year statute,—the first question need not be considered.

The judgment appealed from is affirmed.

BLAKE, C. J., MAIN, MILLARD, and SIMPSON, JJ., concur.