[No. 36523. Department Two. March 14, 1963.]

EDWARD F. MURRAY, JR. *et al.*, *Plaintiffs*, v. AETNA CASUALTY AND SURETY COMPANY, *Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *Solie M. Ringold, Judge, Respondent.*\*

*Reported in 379 P. (2d) 731.

*Elliott, Lee, Carney & Thomas,* by *Nancy Ann Holman,* for relator.

*John J. Kennett* and *Brodie & Fristoe,* by *Doane Brodie,* for respondent.

DONWORTH, J.—By writ of certiorari, defendant relator, Aetna Casualty and Surety Company, seeks to review the action of the Superior Court for King County in denying relator's motion for a change of venue from King County to Thurston County.

Preliminarily, we dispose of the following matter. Relator has made a motion to quash the "Return of Respondent Judge to Writ of Certiorari" because it was drafted by plaintiffs' attorneys and the contents were not shown to opposing counsel. The manner in which the respondent judge has the return prepared is his own concern as long as he exercises his judgment in certifying it. That opposing counsel did not see the return before it was filed is immaterial. The motion is denied.

Relator executed and delivered an automobile liability insurance policy to plaintiffs' assignor, Charles D. Mossman. Subsequently, the insured, Charles D. Mossman, was involved in an automobile accident which resulted in a lawsuit against him in Thurston County. Pursuant to the insurance contract, relator defended the suit and controlled that side of the litigation. Relator refused an offer by the plaintiffs in that action to settle within the liability limits of the policy.

The lawsuit culminated in a judgment against the insured and in favor of Edward F. Murray, Jr., and Margaret Mur-

ray, his wife, for injuries sustained by the wife; this was affirmed in *Murray v. Mossman,* 52 Wn. (2d) 885, 329 P. (2d) 1089 (1958). The judgment was in excess of the insurance coverage and the relator refused to pay beyond its specified liability.

The judgment creditors in the above action brought a garnishment proceeding in an attempt to avail themselves of a chose-in-action belonging to the judgment debtor, a claim of the insured against the insurer for failure, through negligence or bad faith, to settle within the limits of liability contained in the insurance policy. In *Murray v. Mossman,* 56 Wn. (2d) 909, 355 P. (2d) 985 (1960), we held that the judgment creditors could not litigate the judgment debtor's right against the insurer in a garnishment proceeding. In the present litigation, the plaintiffs, assignees of the insured's rights against relator, instituted this action in King County. It is now contended by relator that the rights of the insured are based upon the insurance contract and relator's alleged breach of its contractual duty to adequately provide the insured with legal representation.

There is only one assignment of error:

"The venue in the instant action is controlled by RCW 48.05.220, which commands that it lie in the county where the cause of action arose, namely, Thurston County."

RCW 48.05.220 provides:

"Suit upon causes of action arising within this state against an insurer upon an insurance contract shall be brought in the county where the cause of action arose."

It is relator's argument that the instant cause of action of plaintiffs is "upon an insurance contract," and that the cause of action arose in Thurston County. If RCW 48.05.220 does not apply, relator cannot prevail.

In *Evans v. Continental Cas. Co.,* 40 Wn. (2d) 614, 245 P. (2d) 470 (1952), it was held that, when an insurer refuses, in bad faith, to settle a tort claim asserted by an injured party, the insured could settle the tort claim against him, which far exceeded his liability coverage, and recover from the insurer the amount paid in settlement in excess

of the limits of the policy. In the *Evans* case, one of the affirmative defenses of the insurer was that the insurance policy contained a provision that no action under the policy could be maintained unless the loss was first determined by a judgment. In disposing of this defense, we said:

"The present action, which is grounded upon the insurer's bad faith in failing to perform a contractual obligation, sounds in tort, and therefore the 'no action' provision of the policy pleaded by appellant as an affirmative defense is inapplicable."

That the insured's right of recovery sounds in tort was again expressed by this court in *Murray v. Mossman,* 56 Wn. (2d) 909, 355 P. (2d) 985 (1960). Were it not for the strong protestation of relator that we are limited in our inquiry of whether this suit is "upon a contract" by the allegations in the complaint, we would be disposed to affirm the decision of the trial court on the basis of the holdings in the cases already cited. The general distinction between actions founded on tort and founded upon contract is well understood. However, for the purpose of deciding whether proper venue has been laid, the distinction may not be clear in a particular instant, especially in view of our present form of pleading.

In the case at bar, the gist of the action is stated in paragraphs XI, XV, and XVI of the complaint.

"XI. . . . That defendant had available to it, through investigation and the right to ask for additional medical examinations, additional evidence confirming the afore-mentioned depositions and medical reports to the effect that Margaret Murray was permanently and seriously injured, but that defendant negligently, and with a lack of good faith, failed to seek any additional medical examinations, or to additionally investigate the nature, extent, and permanency of Margaret Murray's injuries. . . .

"XV. That defendant negligently failed to make diligent and complete investigation of the facts and circumstances with respect to the manner in which the aforesaid accident occurred, and the nature and extent of the injuries which said Margaret Murray received therein, in violation of its contractual duty to Mossman, its insured.

"XVI. That defendant, in refusing to settle said action

within its policy limits, utterly failed to exercise good faith in its relationship with defendant Mossman, and breached its contractual duty under the aforesaid policy of insurance issued by it to him."

 We believe from the allegations of the complaint that it is clear that the gravamen of plaintiffs' action against the relator is, first, relator's negligence and lack of good faith in investigating the extent of the injuries of Margaret Murray received in the automobile collision with Mossman, and, second, relator's lack of good faith in failing to settle within the liability limits of the insurance policy. The contract of insurance was only the inducement of the relationship between Mossman and relator insurance company that led to relator's undertaking the defense and control of the litigation against Mossman. It was this relationship which created relator's duty to Mossman. To enter upon the defense of a suit on behalf of another involves an undertaking to carry on that defense with reasonable care and diligence. *Attleboro Mfg. Co. v. Frankfort Marine Acc. & Plate Glass Ins. Co.*, 171 Fed. 495 (1909). See, also, *Attleboro Mfg. Co. v. Frankfort Marine, Acc. & Plate Glass Ins. Co.*, 240 Fed. 573 (1917). We hold that plaintiffs' claim sounds in tort.[1]

Relator's position that the essence of the action is based upon a breach of contract and that this is a suit upon an insurance contract is not well founded. We think that the relator's contention cannot be seriously entertained when the remedy sought is to recover the amount of a judgment in excess of the liability coverage of the insurance policy. This sum is the amount of the direct damage which the insured allegedly has sustained as the result of relator's tort.

The recent case of *Carne v. Maryland Cas. Co.*, 208 Tenn.

---

[1] For prior Washington cases discussing whether a pleading states a cause of action in tort or in contract, see *Yeager v. Dunnavan*, 26 Wn. (2d) 559, 174 P. (2d) 755 (1946); *Compton v. Evans*, 200 Wash. 125, 93 P. (2d) 341 (1939); *McDonald v. Camas Prairie R. Co.*, 180 Wash. 555, 38 P. (2d) 515 (1935); and *Mueller v. Winston Bros. Co.*, 165 Wash. 130, 4 P. (2d) 854 (1931).

403, 346 S. W. (2d) 259 (1961), was a suit to recover the excess over the policy limits of an automobile liability insurance policy. In its declaration, the plaintiff's intestate sued the defendant

". . . 'for damages resulting from defendant's negligence and bad faith and from defendant's breach of its obligations and duties under its automobile liability insurance contract with her intestate, Dr. John E. Carne, and for her cause of action says.' . . ." (This is the full extent of the declaration set forth by the Tennessee court.)

The question before the court was whether the cause of action survived. The cause of action survived if it were in contract, but not if it sounded in tort. The court said:

" 'Negligence and bad faith' are tort actions for the commission of the acts by one accused of either being negligent or exercising bad faith in the carrying out of their contract. In *Southern Fire & Casualty Co.,* supra [35 Tenn. App. 657, 250 S. W. 2d 790], the court said: 'The courts seem to be unanimous in holding an insurer liable in tort for an excess over the policy limit where as here it has exclusive control over investigation and settlement of claims and its refusal to settle within the policy limit is fraudulent or in bad faith.' We have investigated many authorities on the subject, some of which are collected and cited in the Southern Fire & Casualty Co. case and we find except in a minority of the cases that this is true. This principle though seems to be sound and is one that is followed by this Court. . . ."

Later in the opinion, the court added:

". . . We have heretofore, to our satisfaction, determined that the cause of action herein was not one based on contract, but purely an *ex delicto* cause even though the relationship of the parties out of which the tort was committed grew out of a contract. The contract part though has nothing to do with the action which is now being maintained."

As an additional argument in support of its proposition that this suit is upon the insurance contract, relator contends that "the plaintiff as assignee of contract claims is powerless to bring an action other than a contract action." The supposition of the relator is that the allegation

in the complaint of the assignment of Mossman's claim against relator is not broad enough to encompass what the plaintiffs contend is primarily a tort action. The pertinent allegation in the complaint is in paragraph XIV, which reads, in part, "That Mossman has assigned to the plaintiffs all of his claims against the defendant arising out of said contract of insurance, . . . ."

The assignment contract is set forth in the transcript. The concluding paragraphs read:

"Now, THEREFORE, for a good and valuable consideration, the undersigned hereby assigns, transfers and sets over to Edward F. Murray, Jr. and Margaret Murray, his wife, all rights, and causes of action which he has or ever had against Aetna Casualty & Surety Company on account of its conduct with respect to the investigation and defense of the aforesaid action.

"EXECUTED in duplicate at Fairbanks, Alaska, this 12th day of December, 1961.

"s/ Charles D. Mossman<br>
(Charles D. Mossman)"

That there are elements of both tort and contract in this suit is recognized by all parties. The pleadings can be amended to correct any defects in the allegation concerning the assignment if it is now inadequate. The last quotation from *Carne v. Maryland Cas. Co., supra,* expressed the view that the cause of action in that case was ex delicto even though the relationship of the parties out of which the tort was committed grew out of a contract. We are not persuaded that this action is "upon an insurance contract" within the purview of RCW 48.05.220. This is an action to recover damages for the allegedly tortious conduct of the relator.

The trial court was not in error when it refused to change the venue from King County to Thurston County. The relief sought by relator's writ of certiorari is hereby denied.

OTT, C. J., FINLEY, HUNTER, and HAMILTON, JJ., concur.