DELBERT G. LAWSON *v.* CRANE & HALL.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed December 7, 1909.

*Pleading—Ambiguity—Aider by Verdict—Action—Form—Case or Assumpsit—"Undertook" — Malpractice — Evidence — Experts—Necessity—Record—Conflict—Argument of Counsel—New Trial—Newly Discovered Evidence.*

A verdict cures ambiguity in the pleadings.

After verdict, a count that the trial court treated as in case, and which alleged that defendants were employed to set plaintiff's broken leg and in consideration thereof "undertook to reduce said fracture and set the broken bone in a proper and skillful manner, and undertook the care and charge of said leg and the cure thereof," but conducted themselves carelessly and unskillfully, must be taken to be in case and not in assumpsit, the word "undertook" as used not conclusively importing a promise.

A physician administering the anesthetic for an operation over which he has no control and which is performed contrary to his advice, need not protest against it, and, therefore, his approval of it cannot be inferred from his silence, so as to render him liable if the ·operation was improperly performed.

·Where the transcript of the evidence is made a part of the bill of exceptions, but not made controlling, and there is a conflict between them, the latter will prevail.

It is error to permit an expert witness to answer a question that assumes material facts not in evidence.

It is error to permit argument asking the jury to find a physician guilty of malpractice without medical expert testimony to show it.

A new trial will not be granted for newly discovered evidence which is largely cumulative or impeaching, and not sufficiently decisive to render probable a different result on retrial.

CASE for malpractice. Plea, the general issue. Trial by jury at the September Term, 1907, Washington County, *Waterman,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*W. A. Lord* and *W. A. Dutton* for the defendants.

*Senter & Senter* for the plaintiff.

ROWELL, C. J. This purports to be an action on the case against the defendants as surgeons for not properly setting and caring for the plaintiff's broken leg. The declaration contains but one count, which alleges with time and place that the plaintiff employed the defendants to reduce said fracture and set the bone, and take care of the leg till the fracture should become sound and well, and then and there promised to pay the defendants a reasonable compensation for their services and skill in that behalf; that the defendants then and there in consideration thereof, "undertook to reduce said fracture and set the broken bone of the plaintiff's said leg in a proper and skillful manner, and undertook the care and charge of said leg and the cure thereof;" yet that the defendants, not regarding their duty in that behalf, did not reduce said fracture and set said broken bone in a skillful and proper manner, and did not take proper care nor use proper skill in the cure thereof, but on the contrary conducted themselves so carelessly and unskillfully in that behalf that the broken bone was not set and kept in its proper place, but remained out of place so that the ends thereof lapped by each other for the space of two inches, and was permitted so to remain for a long space of time, etc., so that the bone could not be properly set, and that by reason of the negligence and want of care and skill on the part of the defendants, said leg became sore and painful and shorter than it should be, whereby the plaintiff has suffered great pain and sustained great and permanent injury.

The case was tried by jury and the plaintiff had a verdict. Question is made as to the form of the action. The defendants say it is assumpsit, the plaintiff says it is case. The court called it case, and tried it accordingly, to which the defendants excepted. The defendants also excepted to the overruling of their motion in arrest, for that the verdict was defective, being

"guilty" and not "assumpsit." They call the action assumpsit because the word "undertook," as used in the declaration, imports a promise on their part, so that there is alleged a consideration, a promise, and a breach of that promise, assigned negatively in its very words, which makes the action assumpsit and not case. It is true, as the defendants claim, and as is shown by the cases to which they refer, that the word *undertook* may, and often does, import a promise as used in the concrete case. But whether it does or not depends upon the construction of the pleading, and if its meaning is ambiguous, then, after verdict, it must be taken in a sense that will sustain the verdict, for a verdict cures ambiguity. 1 Chit. Pl., 13th Am. Ed., 268; *Huntingtower* v. *Gardiner,* 1 B. & C. 297; *Avery* v. *Hoole,* Cowp. 825.

Now although the word "undertook," as used in the first part of the allegation in question, being followed, as it is, by an infinitive phrase, is capable of being construed to import a binding contract on the part of the defendants to do the things mentioned in that part, namely, to reduce the fracture and set the bone in a proper and skillful manner; yet it is also capable of being construed to mean, especially when taken with the rest of the allegation, no more than that they accepted the retainer, and undertook, in the sense of taking in hand, and entering upon, the performance of the duties thereof. This view is strengthened by the way the word "undertook" is used in the last part of the allegation, where it is not followed by an infinitive phrase, but the language is, "and undertook the care and charge of said leg and the cure thereof," which is hardly capable of being construed into a binding obligation. This sustains the verdict, as it makes the action case.

It appeared that at the plaintiff's house, some time after the injury, Dr. Warren, assisted by Dr. Burbank, broke over and set the plaintiff's leg, Dr. Crane administering the anesthetic, but taking no other part in the operation.

The plaintiff, in his opening, called Dr. Crane as a witness, and asked him if he did not consider Dr. Warren's operation proper, and he said he did not as it was performed and in the place it was performed. He was then asked whether he made any objection to it or protest against it at the time, and he said he did not. To this the defendants excepted. It

appeared that a few days before that operation, the defendants and Dr. Warren, who had been called for the purpose, met at the plaintiff's house and conferred as to whether anything and what further should be done to his leg. Dr. Crane advised that it be put into a plaster cast for a while, and then, if any further operation was to be performed, that the plaintiff be taken to some hospital where he could have expert care and attention. But it was finally determined at that conference to cut into the leg, break over the bone,. and wire the parts together; and it was arranged that Dr. Warren should perform the operation, the defendant Crane consenting to administer the anesthetic, and in a few days the operation was performed accordingly as before stated. Dr. Warren had exclusive charge of the case at the time of this operation, and directed everything done, and the charge of the case was with him ever after.

There was no evidence tending to show that Dr. Crane was ever employed to have general charge of the case, but all the evidence tended to show that his employment was confined to the several occasions when he was called to assist as shown by the bill of exceptions.

It was error, in the circumstances, to admit the testimony objected to. Dr. Crane had already advised against any operation at the time and in the place it was performed, but his advice had been disregarded, and the operation was being performed contrary thereto, and was not subject to his control. Therefore he was not called upon to object to nor to protest against it, and hence no inference of approval of it could be drawn against him from his silence in that respect.

Dr. Warren was used as a witness by the plaintiff in his opening, both as to facts and as a medical expert. Against the objection and subject to the exception of the defendants, the plaintiff was allowed to ask him whether he would consider it proper to leave the plaintiff so that he did not touch any part of the leg only above the hip, to which he answered, "Not in a case of this kind." The bill of exceptions states that "there was no evidence in the case tending to show that the plaintiff was so placed by the defendants that no part of his leg touched anything." The plaintiff's counsel refers to a certain page of the transcript of the evidence, and claims that it shows that there was such evidence. But though the bill says in one place

that upon all questions where it is claimed by the defendants that there was no evidence to support the plaintiff's claims, all the evidence is referred to and made a part thereof, and in another place makes the reporter's minutes of all the testimony a part of the bill; yet we are not at liberty to refer to the transcript for the purpose indicated, for if it contradicts the bill in this respect, it cannot override it, for the bill does not make the transcript controlling. *State* v. *Howard, ante,* p. 6. There was, therefore, error in admitting the answer given, for the opinions of experts are not to be received concerning matters of the existence of which there is no evidence. And that the error was harmful can not be doubted, for it touched a vital part of the case.

It appeared in the course of the testimony that the plaintiff had a slight curvature of the spine. In his opening argument to the jury, the plaintiff's counsel began to discuss that matter. The defendants' counsel objected that if there was a curvature, there was nothing to show that the defendants were responsible for it. Thereupon the court said that it did not appear that it was due to anything the defendants did. But plaintiff's counsel insisted that it being in the case he had a right to discuss it, and he was permitted to and did, subject to defendants' exception. He told the jury that it was for them to say what caused the curvature, and called their attention with considerable particularity to the way and manner the defendants treated the case in respect of extending the leg, putting on plasters and bandages and the like; from all which he asked the jury, in effect, to find that the treatment caused the curvature. To permit this argument was error, for to warrant that finding, medical expert testimony tending to show the truth of the claimed fact was necessary, and there was none. *Wilkins* v. *Brock,* 81 Vt. 332, 343, 70 Atl. 572; *Sheldon* v. *Wright,* 80 Vt. 298, 317, 67 Atl. 807.

The defendants bring a petition for a new trial on the ground of newly discovered evidence. But the evidence is largely cumulative or impeaching, and is not sufficiently decisive in character to make it reasonably probable that it would be the means of working a different result on another trial.

*Judgment reversed, petition dismissed with costs, and cause remanded.*