CASE 17.—ACTION BY WALTER RANDOLPH'S ADMINIS-
TRATOR AGAINST S. B. SNYDER.—June 17, 1910.

## Randolph's Admr v. Snyder.

Appeal from Whitley Circuit Court.

W. T. Davis, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Death—Prior Pain and Suffering—Action by Administrator.—
An action for pain and suffering by deceased, due to defendant's wrong, may be brought by decedent's administrator.

2. Death—Action for Death—Action for Administrator.—Ky. St. section 6, authorizes an action for wrongful death to be brought by decedent's administrator.

3. Action—Contract or Tort—Breach—Negligence.—Where a physician had contracted to treat plaintiff's family by the year, in consideration of monthly payments made to him, and refused to visit plaintiff's child when sent for, or to undertake the case, plaintiff's right of action would be for breach of contract only and not for tort; but if, after having undertaken the case, he was negligent in his treatment, attendance, etc., then plaintiff could sue in tort.

4. Torts—"Injury."—The word "injury" means a wrong or tort. It may arise by nonfeasance or failure to perform a legal obligation or duty.

5. Death—Statutes—Nature of Act Causing Death.—Ky. St. section 6, following Const. section 241, declaring that whenever the death of a person results from an injury inflicted by negligence or wrongful act damages may be recovered, is remedial, and should be liberally construed to effect its object, and is applicable to an injury inflicted by an overt act as well as to those resulting from the neglect of a legal duty.

6. Death—Pleading— Amendment—New Cause of Action.—
Plaintiff after the death of his son, but before he had been appointed his son's administrator, sued defendant, a physician, alleging that defendant had contracted to treat plaintiff's family, and had agreed to come when called or send

another physician, and that while the contract was in force
plaintiff's son was seriously burned; that defendant    was
called to attend the child, but failed and refused to do so or
to send another physician, whereby the child suffered and
died, and whereby plaintiff was damaged, etc.  After motion
to compel plaintiff to elect whether he would sue in contract
or tort, and after he had been appointed his son's adminis-
trator, he filed an amended petition in his capacity as admin-
istrator, setting out in detail the employment of defendant
as a physician, the injury to and death of the child, and al-
leged that when the child was burned the injuries, though
painful, were not mortal with proper treatment; that plaintiff
immediately sent for defendant who came and undertook to
treat the child, but that the treatment was so negligent and
unskillful, that the child died, to plaintiff's damage, etc.
Held, that the amendment stated a different cause of action
from that alleged in the original petition and should there-
fore not have been allowed.

7. Pleading—Amendment of Petition—New Cause of Action—
Demurrer.—Where the court erroneously allowed plaintiff to
amend his petition so as to substantially change his claim,
in violation of Civ. Code Prac. section 134, providing that
amendments may be allowed which do not change substan-
tially the claim or defense, but the amended petition stated
a cause of action, the court erred in sustaining a demurrer
thereto at the next term, since the amendment did not affect
the substantial rights of the parties, as plaintiff, had the
amendment been disallowed, might have dismissed his origi-
nal action, and brought a new action at such term.

8. Judgment—Res Judicata—Judgment on Demurrer.—Since a
judgment on demurrer where the facts are well pleaded is a
bar to a second suit no less than one rendered on the merits,
a judgment rendered on the sustaining of a general demurrer
to plaintiff's petition was an adjudication that the facts
stated no cause of action, so that plaintiff could not while
that judgment was in force prosecute another action for the
same cause.

R. L. POPE and R. S. ROSE for appellant.

J. B. SNYDER, B. B. SNYDER and GEO. P. JOHNSON for ap-
pellee.

OPINION OF THE COURT BY JUDGE HOBSON—Revers-
ing.

William Randolph brought this suit on December 16, 1908, against Dr. S. B. Snyder, alleging in his petition that he was a miner in the service of the Cook Jellico Coal mine; and, in connection with the other miners, had made a contract on April 21, 1908, with the defendant by which in consideration of $1 a month paid by each of them through the company's office, the company agreed to treat each of them and his family as a physician, and would come when called for or send another physician instead; that when the contract was in force on September 29, 1908, his infant child, Walter Randolph, fell into the fire and got seriously burned, and he called upon the defendant to visit the child, and this he failed and refused to do, or to send another physician in his stead; that by reason of this his child suffered and finally died to his damage in the sum of $10,000, for which he prayed judgment. The defendant filed a motion that the plaintiff be required to elect which cause of action set up in his petition he would prosecute. Thereupon the plaintiff tendered an amended petition. Before the court ruled on the motion to file the amended petition, he sustained the motion to require the plaintiff to elect whether he would prosecute the action on the contract or as an action in tort. The plaintiff elected to prosecute the action for the tort. The court then allowed the amended petition to be filed. In the amended petition the plaintiff alleged that on March 24, 1909, he was duly appointed as administrator of the estate of Walter Randolph, and was acting as such. He then set out more in detail the facts above stated as to the employment of the physician and the injury and death of the child, and alleged that when the child was hurt the injuries

were painful, but were with proper treatment and care on the part of the physician by no means mortal; that he immediately sent for the doctor, and he came and undertook to treat the child; that the child lingered and suffered much agony, and that the defendant treated the injuries in a negligent and unskillful manner and so caused the child to die; by reason of all of which, the plaintiff, as administrator of the estate of Walter Randolph, had been damaged in the full sum of $10,000, for which as such administrator he prayed judgment and his cost. The defendant excepted to the ruling of the court in allowing the amendment to be filed, and no further steps were taken at that term. At the next term of the court, which was held by another judge, the defendant filed a special and general demurrer to the petition as amended, and both being sustained by the court, the plaintiff declined to plead further; and his action having been dismissed, he appeals.

It is evident that the original action was brought by William Randolph individually, and not as administrator; for he was not appointed as administrator for some months after it was filed. It is also evident that the original petition sought damages against the defendant for refusing to come and treat the child, and not for negligently treating him after he came and took charge of the case. It is also evident that the amended petition seeks damages for a negligent treatment of the case by the physician after he came and took charge of it; and that the cause of action is set up in William Randolph as administrator of the child, and not individually. There could have been no purpose in setting out his appointment as administrator, alleging the damages to him as administrator, and praying judgment as administra-

tor for the amount sued for but to bring the action as administrator.  An action to recover for the pain and suffering of the child before he died may be brought by his administrator.  An action to recover for his death under section 6, Ky. St., may also be brought by the administrator.  The court in sustaining the special demurrer went upon the idea that the action after the amended petition was filed was still an action by William Randolph individually.  This is to give no effect to the plain purpose of that amendment.  The amendment was filed for the purpose of stating a cause of action in favor of William Randolph as administrator against the defendant.  The special demurrer for want of capacity to sue was improperly sustained.

If the defendant made a contract with the plaintiff to treat him and his family as alleged in the petition and amended petition, and simply broke the contract by refusing to come when sent for, or to undertake the case, the right of action would be simply for the breach of the contract, and there would be no right of action in tort.  But if the physician came and undertook the case and having undertaken it, was negligent in his treatment, then a cause of action in tort may be maintained for the nonperformance of the duty which the law cast upon him when he undertook to treat the case.  The rule has often been applied in the case of innkeepers, carriers, attorneys, physicians, etc.  They all rest upon the same ground.  See Cooley on Torts (1st Ed.) 638, 639.  The plaintiff having elected to sue in tort must recover, if at all, on the latter ground.  While the administrator may recover for the pain and suffering of the intestate caused by the negligence of the defendant, or for his death if caused thereby, he cannot recover for both,

and may be required to elect which he will sue for. L. & N. R. R. Co. v. Simrall, 127 Ky. 55, 104 S. W. 1011, 31 Ky. Law Rep. 1269. If an injury is inflicted by a physician negligently on his patient and death ensues therefrom, he is liable for such death under the statute, just as any other person would be whose negligence causes the death of another. Blackburn v. Curd, 106 S. W. 1186, 32 Ky. Law Rep. 789. In the case referred to, the defendant operated on the deceased, and then failed to give him the necessary treatment, by reason of which he died. It was held on these facts that the defendant was liable to the administrator for the death of his intestate. In the case at bar the defendant did not operate on the decedent so far as is shown by the petition; but if he undertook to treat him, and negligently failed to give him proper treatment, this was an injury inflicted upon him within the meaning of the statute; and if his death resulted from such negligence, the plaintiff may recover therefor. The case at bar can not be distinguished from that cited. In Bouvier's Law Dictionary, the word "injury" is defined "a wrong or tort," and it is added that it may arise "by nonfeasance or the not doing what was a legal obligation or duty." By section 6 of the Kentucky Statutes, which follows section 241 of the Constitution, whenever the death of a person results from an injury inflicted by negligence or wrongful act, damages may be recovered therefor. The statute is remedial and should be liberally construed to effectuate its objects. It applies no less to an injury inflicted by an overt act than to those resulting from the neglect of a legal duty.

The amended petition stated an entirely new cause of action in favor of a different person against the

defendant; for though William Randolph was the administrator, he individually would have no legal right to recover under the amended petition, and was not a necessary party individually to the cause of action stated therein. The filing of the amended petition was in effect the bringing of a new suit, and an abandonment of the cause of action which had been stated in the original petition. The court properly should have refused to allow the amendment to be filed, but when it was filed a demurrer could not be sustained to it at the next term, because it was a departure from the original cause of action; and while the action of the court in allowing the amendment was irregular, it will not be disturbed now for the reason that if the court had not then allowed the amendment to be filed, the plaintiff might have brought a new action, and if he had done this the parties would have been right where they were at the next term, when the demurrer to the amended petition was sustained. It is a maxim of the law that the error of the court shall prejudice no one, and the court should not allow a party to be misled to his prejudice by its rulings. The irregularity in the proceedings does not affect the substantial rights of the defendant. Section 134 of the Civil Code of Practice provides: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceeding to be amended, by adding or striking out the name of a party; or, by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, if the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And, if a proceeding taken by a

party fail to conform in any respect to the provisions of this Code, the court may permit an amendment of such proceeding, so as to make it conformable thereto. And, if the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment. The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The amendment did change substantially the claim. It should not have been filed. But when the court allowed it to be filed, and at the next term sustained a general demurrer to it, the judgment entered on the demurrer was an adjudication that the facts stated constituted no cause of action, and the plaintiff could not, while that judgment was in force, prosecute another action to recover for the injury sued for. A judgment on demurrer where the facts are well pleaded is a bar to a second suit no less than one rendered upon a trial on the merits. The plaintiff, therefore, to preserve his rights, was forced to appeal, and in furtherance of justice the error should not be disregarded. This is in keeping with the spirit of the statute. Its last clause was inserted to cover just such matters. No cross-appeal has been taken by appellee.

Judgment reversed and cause remanded, with directions to the circuit court to overrule the demurrer to the petition as amended; and for further proceedings consistent herewith.

CHIEF JUSTICE BARKER AND JUDGES SETTLE AND LASSING dissent from so much of the opinion as allows the action now to proceed on the amended petition, being of opinion that the order filing the amended petition should be set aside and the action dismissed.