HANSEN, Respondent, v. ISAAK, Appellant

(33 N. W.2d 561.)

(File No. 8985. Opinion filed August 17, 1948)

Rehearing Denied Nov. 30, 1948.

**Donley & Crill,** of Elk Point, for Appellant.

**Danforth & Danforth** and **Edwin C. Parliman,** all of Sioux Falls, for Respondent.

ROBERTS, P.J. This is an action by Dorene Hensen, an infant, by her guardian ad litem, to recover for injuries sustained as a result of the alleged negligence of the defendant in giving a diathermy treatment. A judgment entered on a directed verdict for defendant was reversed by this court. Hensen v. Isaak, 70 S. D. 529, 19 N. W.2d 521. Upon a second trial, the jury returned a verdict for the plaintiff and assessed damages in the amount of $3,000. After judgment was entered against the defendant, application was made for the issuance of a body execution. From an order of the circuit court refusing to set aside such execution, defendant appeals.

The complaint in the action alleges that plaintiff was suffering from convulsions; that defendant was employed "to cure said malady and for that purpose the defendant * * * undertook as a Doctor of Chiropractic to attend and cure the plaintiff"; that defendant "entered upon such employment, but did not use due and proper care or skill in endeavoring to cure the plaintiff"; that "defendant applied heat * * * to such an excessive extent and in such a negligent and careless manner as to burn the whole of the said plaintiff Dorene Hansen's back"; and that "because of the negligence and carelessness of the defendant * * * the plaintiff Dorene Hansen has been damaged in the sum of ten thousand dollars."

The provisions of SDC 33.1902 permit the issuance of an execution against the person when "the complaint con-

tains a statement of facts showing one or more of the causes of arrest required by the chapter, 'Arrest and Bail', in the title 37, 'Judicial Remedies' ". Under the provisions of the chapter referred to, a defendant may be arrested where the action is "for an injury to person." SDC 37.2502. If the conduct of a defendant gives rise to an action in tort for personal injuries, these provisions plainly permit the issuance of an execution against the person.

Section 15, art. 6, of the Constitution of South Dakota provides: "No person shall be imprisoned for debt arising out of or founded upon a contract."

Counsel for defendant contend that damages for injury to the person may result either from a breach of duty arising out of a contract or from the breach of a duty imposed by law, which arises from an obligation created by a relationship ordinarily unconnected with a contract; that recovery in the instant case could have been had on contract or in tort; and that where as in the instant case there was an option to sue on contract or in tort the plaintiff by proceeding in tort may not obtain a body execution when she would not have been entitled to such execution if she had proceeded on the contract.

█ The cause of action of the plaintiff and the allegations of the complaint clearly characterize it as an action in tort. Hales v. Raines, 162 Mo. App. 46, 141 S. W. 917; Harding v. Liberty Hospital Corporation, 177 Cal. 520, 171 P. 98; Randolph v. Snyder, 139 Ky. 159, 129 S. W. 562; Seanor v. Browne, 154 Okl. 222, 7 P.2d 627; Coulter v. Sharp, 145 Kan. 28, 64 P.2d 564; Roush v. Wolfe, 243 Ky. 189, 47 S. W.2d 1021; Trimming v. Howard, 52 Idaho 412, 16 P.2d 661; McDonald v. Camas Prairie R. Co., 180 Wash. 555, 38 P.2d 515; Travis v. Bishoff, 143 Kan. 283, 54 P.2d 955; Carpenter v. Walker, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863, 866. In Hales v. Raines, supra, an action against a physician for the negligent use of X-ray, the court in discussing the nature of the action said [162 Mo. App. 46, 141 S. W. 921]: "It is true that the petition avers that plaintiff 'employed defendant for a reasonable compensation to be paid therefor * * * to treat plaintiff's right hand for eczema.'

But this does not render the suit one in contract, for such averment concerns only matter of inducement pertaining to the relation of the parties, in which the law implies the obligation on defendant to perform the duty assumed with due skill and care. Subsequent averments of the petition proceed as for a breach of this obligation which the law implies and annexes to defendant's calling of a physician and surgeon, when he undertakes to serve persons in that capacity. In those cases where the law raises out of the contract of employment a duty which it annexes to the calling, as here, and the allegation is that such duty was negligently and carelessly breached, the courts declare the petition to proceed as in tort, and treat the reference in the prior averment touching the contract of employment as mere inducement. * * * Obviously the present suit proceeds as for the injury to plaintiff through the omission of defendant to exercise ordinary care and skill in the treatment, and in no sense as for a breach of the contract of employment." And in the case of Randolph v. Snyder, supra, an action for the negligent treatment of a child's injuries from burns, the court said [139 Ky. 159, 129 S. W. 563]: "If the defendant made a contract with the plaintiff to treat him and his family as alleged in the petition and amended petition, and simply broke the contract by refusing to come when sent for or to undertake the case, the right of action would be simply for the breach of the contract, and there would be no right of action in tort. But if the physician came and undertook the case and having undertaken it, was negligent in his treatment, then a cause of action in tort may be maintained for the non-performance of the duty which the law cast upon him when he undertook to treat the case."

Defendant cites the case of Caldbeck v. Simanton, 82 Vt. 69, 71 A. 881, 884, 20 L. R. A., N. S., 844. In that case plaintiff sought an arrest in an action for breach of warranty. It was expressly ruled that since the plaintiff had an election to bring an action on the contract or in tort arrest or imprisonment was prohibited. The court said: "If the declaration in tort requires the same and only the same proof as the one in assumpsit, it is manifestly a declaration

in tort only in name. The declaration before us is so framed that nothing more is required. It discloses a warranty false in fact, but not false to the knowledge of the warrantor. If the plaintiff recovers upon this declaration, it will be solely by force of the contract. Proof of fraud was not pertinent to the issue presented." In that case, the action was not maintainable without pleading and proving the contract. The liability of the defendant arose solely out of the contract and whatever may have been the form of the pleading the gist of the action was the breach of contract. It is true as defendant claims that a contract was involved in the case before us, but the gist of the action was the failure of the defendant to give the treatment with ordinary professional skill and care. Hansen v. Isaak, supra. The culpability resulted not from a breach of duty created by the contract, but from the breach of duty the law attaches to the undertaking. Nelson v. Harrington, 72 Wis. 591, 40 N. W. 228, 1 L. R. A. 719; Frankel v. Wolper, 181 App. Div. 485, 169 N. Y. S. 15; Lawson v. Crane & Hall, 83 Vt. 115, 74 A. 641; see also Smith v. Weber, 70 S. D. 232, 16 N. W.2d 537. We think it clear that recovery of damages for the injury resulting from unskillful treatment was not dependent upon pleading and proof of the contract and that the judgment is not a debt within the quoted constitutional prohibition.

We are of the opinion that there was no error in the ruling of the trial court upon the motion.

The order appeal from is affirmed.

All the Judges concur.