189 So.2d 204 (1966)
Jason M. GREENWALD and Marjorie Greenwald, Appellants,
v.
Robert GRAYSON, M.D., Appellee.
No. 65-825.
District Court of Appeal of Florida. Third District.
July 26, 1966.
*205 Rothstein & Tumin, and Donald Roth, Miami, for appellants.
Fowler, White, Gillen, Humkey & Trenam and Henry Burnette, Miami, for appellee.
Before PEARSON, CARROLL and BARKDULL, JJ.
PER CURIAM.
The plaintiffs appeal a final judgment for the appellee. Their complaint alleged that the appellee, a medical doctor, improperly performed medical services for which he had been employed. They did not allege that they were patients of the doctor but alleged that he had failed to recognize symptoms of a congenital disease in a child the appellants were considering for adoption. The complaint was in two counts. The first count claimed negligent performance of the medical duties, and the second claimed the breach of a contract to advise appellants of the fitness of the child for adoption. At the trial, the appellants suffered a directed verdict on the count alleging negligence and a jury verdict for the defendant on the count alleging breach of contract. This appeal is from the final judgment which was entered at the conclusion of the trial.
The appellants have presented three points. The first and the third points do not require an extended discussion and will be considered initially.
The first point urges that the trial court should have entered a default against the defendant. No error has been shown. See Babb v. Lincoln Auto Finance Co., Fla.App. 1961, 133 So.2d 566.
The third point urges error upon the court's failure to allow certain evidence as to damages upon the trial of count two. Inasmuch as the appellants suffered a jury verdict for the defendant on this count and no point is directed to the judgment upon liability, we do not consider the third point.
Appellants' second point urges that the trial judge should not have directed a verdict upon the count which alleged negligence in the performance of medical services. In effect, this count was for medical malpractice, but there was no evidence of negligence on the part of the physician resulting in an injury to the patient. A physician-patient relationship did not exist between the parties to this action. Appellants' relationship with the doctor was exclusively in contract. Therefore, the appellants, as plaintiffs, could have recovered only in contract. See Woodbury v. Tampa Waterworks Co., 57 Fla. 249, 49 So. 556, 561, 21 L.R.A.,N.S., 1034 (1909); Dustin v. Curtis, 74 N.H. 266, 67 A. 220, 11 L.R.A., N.S., 504 (1907). See also Randolph's Adm'r v. Snyder, 139 Ky. 159, 129 S.W. 562 (1910); Prosser, Torts § 81, p. 482 (2nd ed.). Compare Fradley v. County of Dade, Fla.App. 1966, 187 So.2d 48.
No harmful error having been demonstrated, the judgment is affirmed.
Affirmed.