580 So.2d 160 (1990)
Carol JOSEPH, Appellant,
v.
Sherif SHAFEY, M.D. and Sherif Shafey, M.D., P.A., a Florida Professional Service Corporation, Appellees.
No. 89-2320.
District Court of Appeal of Florida, Third District.
September 18, 1990.
Rehearing Denied June 28, 1991.
Kent Harrison Robbins, Miami Beach, for appellant.
Stephens, Lynn, Klein & McNicholas, Philip D. Parrish, and Robert M. Klein, Miami, for appellees.
Before NESBITT, BASKIN and GERSTEN, JJ.
PER CURIAM.
Appellant, Carol Joseph, appeals the entry of a final summary judgment for failure to state a cause of action. We affirm.
Appellee, Sherif Shafey, M.D., a neurologist, treated a City of Miami police officer for a pituitary gland tumor. The treatment included a craniotomy to remove the tumor. After the operation, the officer experienced psychotic episodes and Dr. Shafey prescribed dosages of Thorazine, an anti-psychotic drug.
Approximately, two months after the surgery, Dr. Shafey informed the City of Miami that the officer could return to "full duty." Shortly thereafter, while on duty, the officer shot appellant, a member of the public at large.
Appellant brought an action against Dr. Shafey for medical malpractice and negligence. The trial court entered a summary judgment based on the lack of privity between appellant and Dr. Shafey and the failure to state a cause of action.
In order to maintain a cause of action against Dr. Shafey, there must have existed privity between appellant and Dr. Shafey, and Dr. Shafey must have owed, and breached, a duty to appellant. Absent privity and a breach of a duty, no cause of action lies. See Forlaw v. Fitzer, 456 So.2d 432 (Fla. 1984); Greenwald v. Grayson, 189 So.2d 204 (Fla. 3d DCA 1966).
The facts in this case fail to show privity between appellant and Dr. Shafey, as well as the breach of any duty to appellant. We, therefore, find no cause of action.
Accordingly, we affirm.