573 So.2d 9 (1990)
Steven WALLERSTEIN, Shawn Wallerstein, and Deborah Wallerstein, Appellants,
v.
HOSPITAL CORPORATION OF AMERICA, Etc., et al., Appellees.
No. 89-1260.
District Court of Appeal of Florida, Fourth District.
October 10, 1990.
Rehearing and Certification Denied February 12, 1991.
Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, and William deForest Thompson of Thompson and O'Brien, Fort Lauderdale, for appellants.
Gail L. Kniskern of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, for appellees-Barry D. Chandler, M.D., and John Williams, M.D.
Susan L. Dolin of Conrad, Scherer & James, Fort Lauderdale, for appellee-Hospital Development and Service Corp. d/b/a Plantation General Hosp.
Rhea P. Grossman of Rhea P. Grossman, P.A., Miami, O'Connor, Sinclair, Tunstall & Lemos, P.A., Coral Gables, and Walter G. Campbell, Jr., Fort Lauderdale, for appellee-Warren G. Day, M.D.
PER CURIAM.
Appellant Shawn Wallerstein was born in Plantation General Hospital on July 21, 1983. Shawn's natural mother, whose identity is not disclosed in the record, was discharged two days later. During this time, Shawn and his mother were under the care of the agents and employees of appellee Hospital Development and Service Corporation, doing business as Plantation General. On August 30, 1983, Shawn came under the care of appellees Dr. Chandler, Dr. Day, and Dr. Williams.
Neither the Hospital nor any of the appellee doctors continued to monitor or treat Shawn following his post-birth hospitalization. Appellants proceeded with adopting Shawn and subsequently discovered that he suffered from chronic, fixed, nonprogressive encephalopathy (brain dysfunction) with a spastic quadriparesis (paralysis). Shawn has also been tentatively diagnosed as having Cerebral Palsy. This discovery took place on or about June 27, 1984, almost one year after the child's birth. Appellants contend that these conditions and the child's unsuitability for adoption was, or should have been, obvious to appellees.
*10 On an appeal from a judgment dismissing an amended complaint for failure to state a cause of action, the appellate court's burden is to determine whether sufficient ultimate facts are alleged which under any theory of the law would entitle plaintiffs to the money judgment they seek. Baxter v. Royal Indem. Co., 285 So.2d 652 (Fla. 1st DCA 1973). In the instant case, appellants, at some time in the course of this suit, have asserted almost every possible theory of recovery. Almost obscured among the meritless allegations is, however vague, a cause of action for negligent misrepresentation.
In order to be actionable, a suit for negligent misrepresentation must contain the following elements: (1) misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the representation without knowledge as to its truth or falsity, or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend that the representation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation. [emphasis added]
Atlantic Nat'l Bank of Florida v. Vest, 480 So.2d 1328, 1331 (Fla. 2d DCA 1985), rev. denied, 491 So.2d 281 (Fla. 1986) and 508 So.2d 16 (Fla. 1987).
Although the Atlantic Nat'l Bank case sets out definite elements to state a cause of action for negligent misrepresentation, case law reveals a rather "loose" construction. The tort is often mentioned and rarely explained. All that must be alleged in a suit for negligent misrepresentation is not that the representor intended to make a false statement, but rather that the representation was made under circumstances in which its falsity should have been known.
Appellants' fifth amended complaint alleged that the appellee doctors were employed "to examine, recognize, and diagnose the health and physical condition of [Shawn] to recognize the child's suitability for adoption," and that the appellee doctors assured them that the child was healthy and suitable for adoption. The claim against the Hospital is its vicarious liability for the conduct of the doctors, alleged to be its agents or employees. Although appellants might not have been asking for a warranty, they did seek an assurance and were willing to rely upon it. Accordingly, we reverse solely on the theory of negligent misrepresentation as to the defendants Day, Chandler and Williams, which theory we have gleaned from the scattered allegations on the part of the pleader; and we also reverse as to the Hospital based on the doctrine of respondeat superior.
We affirm the dismissal of the action as to all other theories. See Greenwald v. Grayson, 189 So.2d 204 (Fla. 3d DCA 1966).
LETTS, GLICKSTEIN and GARRETT, JJ., concur.