659 So.2d 1308 (1995)
Evan WERNER and Joan Werner, his wife, Appellants,
v.
VARNER, STAFFORD & SEAMAN, P.A., f/k/a Varner, Stafford, Cole & Seaman, P.A., Shane Stafford, Allen H. Bezner, M.D., and Allen H. Bezner, M.D., P.A., a professional service corporation, Appellees.
No. 94-2340.
District Court of Appeal of Florida, Fourth District.
September 6, 1995.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, and Russell *1309 S. Adler of Karmin & Adler, P.A., Fort Lauderdale, for appellants.
Angela C. Flowers of Kubicki Draper, Miami, for appellees Allen H. Bezner, M.D. and Allen H. Bezner, M.D., P.A.
GUNTHER, Chief Judge.
Appellants, Evan and Joan Werner, plaintiffs below (the Werners), appeal a trial court order dismissing their amended complaint with prejudice. We affirm because the Werners' amended complaint failed to state a valid cause of action under Florida law.
Mr. Werner was injured in an automobile accident when his vehicle was rear-ended by a car driven by Thomas McLaughlin (McLaughlin). Apparently, McLaughlin, an epileptic under the care of Dr. Bezner, experienced a seizure while driving and lost control of his vehicle. Subsequently, the Werners brought a negligence claim against McLaughlin which eventually settled for McLaughlin's policy limits of $100,000.
Thereafter, the Werners brought a negligence claim against Dr. Bezner and his professional association. The Werners sought to hold Dr. Bezner liable for his failure to warn McLaughlin not to drive while under the influence of anti-epileptic medication. The salient part of the Werners' claim against Dr. Bezner alleged as follows:
14. During the months of May 1989 through and after October 1990, the Defendant ALLEN H. BEZNER, M.D., provided medical care and treatment to his patient, Thomas Joseph McLaughlin, in connection with a seizure disorder he had diagnosed said patient to have. Defendant, ALLEN H. BEZNER, M.D., prescribed Dilantin with phenobarbital to McLaughlin in connection with his care and treatment of said patient.
15. The Defendant, ALLEN H. BEZNER, M.D., was negligent in that he failed to warn his patient, McLaughlin, not to drive while under the influence of the Dilantin medication he had prescribed for said patient, as aforesaid.
16. On or about the 17th day of October, 1990, the Defendant's ALLEN H. BEZNER, M.D., patient, McLaughlin, while driving his car, had a seizure and lost control of his car, thereby colliding with the automobile driven by the Plaintiff, EVAN WERNER, at the intersection of Atlantic Avenue and Barwick Road, Palm Beach County, Florida.
17. As a direct and proximate result of the aforesaid negligence of the Defendant, ALLEN H. BEZNER, M.D., and the resulting automobile accident, the Plaintiff, EVAN WERNER, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of health care providers, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff, EVAN WERNER, will suffer these losses in the future.
Before answering the amended complaint, Dr. Bezner filed a motion to dismiss alleging that the Werners failed to state a cause of action and that the claim was barred by the statute of limitations. After conducting a hearing, the trial court granted Dr. Bezner's motion and dismissed the Werners' amended complaint with prejudice.
The central issue involved in this appeal is whether a physician owes a duty to persons not within the physician/patient relationship. Generally, in Florida, in order to maintain a cause of action against a physician, privity must exist between the plaintiff and the physician. See Boyton v. Burglass, 590 So.2d 446 (Fla. 3d DCA 1991); Joseph v. Shafey, 580 So.2d 160 (Fla. 3d DCA 1990), rev. denied, 592 So.2d 681 (Fla. 1991). The only exception to the above-stated rule that had previously surfaced were cases dealing with readily identifiable third parties and contagious diseases. For instance, in Hoffman v. Backman, 241 So.2d 752 (Fla. 4th DCA 1970), cert. denied, 245 So.2d 257 (Fla. 1971), suit was brought on behalf of a child who had contracted tuberculosis from her father due to the alleged failure of the physician *1310 to timely diagnose the father's condition. On appeal, in reversing a summary judgment entered in favor of the physician, this court held:
[A] physician owes a duty to a minor child who is a member of the immediate family and living with a patient suffering from a contagious disease to inform those charged with the minor's well being of the nature of the contagious disease and the precautionary steps to be taken to prevent the child from contracting such disease and that the duty is not negated by the physician negligently failing to become aware of the presence of such a contagious disease.
Id. at 753. See also Gill v. Hartford Accident Indem. Co., 337 So. 420 (Fla. 2d DCA 1976) (extending the contagious disease exception beyond family members to patients in the same hospital room).
The most recent Florida decision dealing with a physician's duty to third persons is Pate v. Threlkel, 640 So.2d 183 (Fla. 1st DCA 1994). In Pate, the complaint alleged that a surgeon who operated on the appellant's mother knew or should have known of the likelihood that the mother's children would contract medullary thyroid carcinoma genetically. Id. at 183. The appellant's complaint further alleged that the surgeon was under a duty to warn the mother of the importance of testing her children for medullary thyroid carcinoma due to its genetic transferability. Id. On appeal, the district court affirmed the granting of a motion to dismiss concluding that the physician owed no duty to the patient's child. Id. at 186. In so doing, the first district determined
that the present state of the law in Florida requires us to affirm the dismissal of the appellant's complaint for failure to state a cause of action due to the absence of privity and breach of duty.
Id. However, because it determined the case to be one of first impression, the court certified the following question to the Supreme Court of Florida:
DOES A PHYSICIAN OWE A DUTY OF CARE TO THE CHILDREN OF A PATIENT TO WARN THE PATIENT OF THE GENETICALLY TRANSFERABLE NATURE OF THE CONDITION FOR WHICH THE PHYSICIAN IS TREATING THE PATIENT?
Id.
Upon review, the supreme court answered the certified question in the affirmative concluding that the complaint in Pate did state a valid cause of action against the physician. Pate v. Threlkel, 20 Fla. L. Weekly S356 ___ So.2d ___ [1995 WL 424171] (Fla. 1995). In its decision, the supreme court reasoned that privity is not always needed to establish liability in the health care profession. Id. at 358, ___ So.2d ___. Specifically, the supreme court stated:
We conclude that when the prevailing standard of care creates a duty that is obviously for the benefit of certain identified third parties and the physician knows of the existence of those third parties, then the physician's duty runs to those third parties.
Id. Additionally, the supreme court determined that the physician was not required to warn the identifiable third party directly. Id. Rather, the physician's duty would be satisfied by warning the patient. Id.
We are not unmindful of the foreign cases cited by the Werners which have held physicians liable in like or similar circumstances to those presented in the case under review. See Duvall v. Goldin, 139 Mich. App. 342, 362 N.W.2d 275 (1984); Freese v. Lemon, 210 N.W.2d 576 (Iowa 1973); Myers v. Quesenberry, 144 Cal. App.3d 888, 193 Cal. Rptr. 733 (1983); Gooden v. Tips, 651 S.W.2d 364 (Tex. Ct. App. 1983). However, we must follow the recent supreme court pronouncement in Pate. Although Pate seemingly relaxes the no privity/no liability rule, it cannot operate to save the Werners' amended complaint. In Pate, the supreme court specifically limited the physician's duty to known and identifiable third parties as the patient and plaintiff were mother and child. In the instant case, the Werners were neither known nor identifiable to Dr. Bezner and were merely members of the driving public at large.
*1311 In addition, the alleged duty element and the proximate cause element in the Werners' complaint are inconsistent. The Werners alleged that Dr. Bezner was negligent in failing to warn McLaughlin not to drive while under the influence of medication he had prescribed. The Werners further alleged that the accident occurred when McLaughlin had a seizure and lost control of his car. Even if we assumed that Dr. Bezner had a duty to warn McLaughlin, there is no allegation that Bezner's failure to warn McLaughlin not to drive while medicated proximately caused the accident. Absent from the Werners' complaint is either an allegation that the accident occurred while McLaughlin was medicated or an allegation that Dr. Bezner had the duty to warn McLaughlin not to drive due to his epileptic condition.
In sum, the supreme court's recent pronouncement in Pate reveals that Dr. Bezner owed no duty to the Werners to warn his patient, McLaughlin, under the facts of this case. Furthermore, the amended complaint filed by the Werners was internally inconsistent. Thus, the Werners' amended complaint failed to state a valid cause of action under Florida law. Accordingly, the trial court did not err in dismissing the Werners' amended complaint with prejudice.
AFFIRMED.
WARNER and STEVENSON, JJ., concur.