In this case, we are faced with the prospect of expanding a physician's duty to third-party nonpatients as a result of a physician's treatment of his patient. The majority opinion has cited cases from other jurisdictions doing so. There are also cases in other jurisdictions that have refused to do so:Rebollal v. Payne, 145 A.D.2d 617, 618, 536 N.Y.S.2d 147, 148
(1988) ("There is no duty on the part of the operator of a methadone clinic to control the travel activities of a methadone patient giving rise to liability for accidents to a third party. . . ."); Werner v. Varner, Stafford Seaman, P.A.,659 So.2d 1308 (Fla.Dist.Ct.App. 1995); Webb v. Jarvis,575 N.E.2d 992 (Ind. 1991); Kirk v. Michael Reese Hosp. Med. Ctr.,117 Ill.2d 507, 513 N.E.2d 387, 111 Ill.Dec. 944 (1987); Estate ofWarner v. United States, 669 F.Supp. 234 (N.D.Ill. 1987).
I acknowledge that in charting the path for this jurisdiction we are making a public-policy decision. This case is beyond the scope of the Alabama Medical Liability Act, the expressed intent of which is "to insure that quality medical services continue to be available at reasonable costs to the citizens of the State of Alabama." (Ala. Code 1975, § 6-5-540.) Therefore, there is no direct legislative policy. Courts in other jurisdictions (Kirkv. Michael Reese Hosp. Med. Ctr., supra; Lester v. Hall,126 N.M. 404, 970 P.2d 590 (1998)), have developed a balancing test, not unlike the test this Court has used in making other public-policy decisions (see Tittle v. Giattina, Fisher Co.,Architects, Inc., 597 So.2d 679 (Ala. 1992): 1) the likelihood of injury in similar cases; 2) the magnitude of the burden of guarding against liability; and 3) the potential consequences of placing that burden on the defendant).
I would hold that a physician would not be liable to a third-party nonpatient unless the physician's negligence in the treatment, *Page 898 
supervision, or warning of his patient proximately caused the injuries to the third-party nonpatient. The Taylors allege that this is what Dr. Smith did. The testimony of Dr. Nathan Strahl supports that allegation. Therefore, the summary judgment should not have been granted in favor of Dr. Smith, and I concur in the reversal of that summary judgment.